UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KATHLEEN CARON | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TRANSWORLD SYSTEMS, INC. and | : | Jury Trial Demanded |
| NORTHEAST EMERGENCY MEDICINE | : | |
| SPECIALISTS LLC, | : | |
| Defendants | : | JULY 14, 2017 |
| | : | |

## COMPLAINT

1. This is a suit brought by a consumer under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"); the Connecticut Creditor's Collection Practices Act, Conn. Gen. Stat. § 36a-645 *et seq.* ("CCPA"); and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110 *et seq.* ("CUTPA") against a creditor and a consumer collections agency.

### I. PARTIES

2. Kathleen Caron ("Plaintiff") is a consumer, as that term is defined by § 803 of the FDCPA, residing in Enfield, Connecticut.

3. Transworld Systems Inc. ("TSI") is a California corporation licensed to do business in Connecticut and a licensed consumer collections agency in this state and a "debt collector" as defined by § 803 of the FDCPA.

4. Northeast Emergency Medicine Specialists, LLC ("NEMS") is a Connecticut limited liability company located in Willimantic, Connecticut and a creditor as that term is defined by Conn. Gen. Stat. § 36a-645.

1

## II.     JURISDICTION AND VENUE

5.     Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p and 28 U.S.C. § 1367.

6.     TSI regularly conducts business in Connecticut and jurisdiction in this court is proper.

7.     Venue in this court is proper, because the Plaintiff resides in Connecticut and this involves a transaction that took place in this state.

## III.     GENERAL ALLEGATIONS

8.     On May 18, 2015, Plaintiff went to the emergency room at Johnson Memorial Hospital in Stafford Springs, Connecticut for an injury to her eye.

9.     At that time, Plaintiff was insured by Anthem Blue Cross Blue Shield ("Anthem") through her employer and the coverage was administered by Teamsters Local 671 Health Services and Insurance ("Local 671").

10.     Anthem was billed by the hospital and by NEMS separately for the services of the emergency room doctor.

11.     In June 2015, Plaintiff received an explanation of benefits document stating that the claim was processed on June 11, 2015.

12.     In mid July 2015, Plaintiff received a "third and final" bill from NEMS stating that if its bill was not paid it would be turned over to a collection's agency.

13.     Plaintiff telephoned Local 671 and was assured that the claim was processed and would be paid.

14.     Plaintiff received a collections letter dated November 18, 2015 from TSI in November 2015 stating that she owed $363.

15. Plaintiff again called Local 671 and it told her that it would look into the matter again.

16. In mid December 2015, Plaintiff received an explanation of benefits stating that payment was made to NEMS on December 9, 2015.

17. Plaintiff did not receive any more letters or communications from TSI or NEMS and believed that the matter was resolved.

18. In June 2016, Plaintiff obtained her credit reports from the Consumer Reporting Agencies ("CRAs"), Experian, TransUnion and Equifax, because she wished to refinance the mortgage on her condominium.

19. All three reports indicated that TSI had reported a delinquent debt that had been in collection status since November 16, 2015.

20. In July 2016, Plaintiff filed disputes regarding this debt with all three CRAs and requested that they reinvestigate.

21. The CRAs asked TSI, as a furnisher, to investigate the reported debt.

22. In August 2016, TSI erroneously reported that the delinquent debt was valid to all three CRAs.

23. On information and belief, TSI reported that the debt was valid because NEMS reported to it that the debt had not been paid, even though the debt had been paid by Plaintiff's insurer.

24. At the same time, Plaintiff requested a validation of the debt from TSI in the light of information that she had received in December that the debt was paid by Anthem. She attached the explanation of benefits showing the debt was paid.

25. TSI replied to Plaintiff in an August 5, 2016 letter erroneously stating that debt was still valid.

26. TSI also confirmed to the CRA's that the debt was valid, despite the fact that it had a copy of the explanation of benefits confirming payment in its files.

27. Plaintiff also contacted NEMS in July 2016 and inquired about the claimed debt, and NEMS responded that it had no evidence the bill had been paid, so it would remain in collections.

28. Due to the derogatory credit data from TSI/NEMS, Plaintiff gave up on pursuing the refinancing of her mortgage.

29. In February 2017, unsure of whether Anthem had paid the debt as it had claimed in December 2015, contacted the State of Connecticut Insurance Department ("Insurance Department") in attempt to resolve the matter.

30. Anthem responded to the Insurance Department by confirming that it had paid the debt on December 8, 2015. Anthem also informed the Insurance Department that it had contacted NEMS, who had confirmed to Anthem its receipt of the payment and acknowledged that the matter had been referred to collections in error.

31. In February 2017, Plaintiff contacted NEMS, who acknowledged that it had received the payment in December 2015. NEMS also told Plaintiff that it would take up to two months for it to contact TSI and to have it remove the debt from her credit report.

32. Plaintiff obtained her credit history in April 2017 and the NEMS/TSI debt had still not been removed.

33. In March 2017, Plaintiff applied for credit in the form of a Home Depot Project Loan from The Brand Banking Company ("BBC").

34. Plaintiff was denied credit in whole or in part by BBC due to a "serious delinquency, and public record of collection filed" found on her Experian credit report. In March 2017, the only derogatory trade line on Plaintiff's Experian credit report was the erroneous NEMS/TSI debt.

## IV.     CAUSES OF ACTION

**Count One – Fair Debt Collection Practices Act Violation (TSI)**

35. TSI violated the FDCPA, including 15 U.S.C. § 1692e(2), by making false statements regarding the claimed debt to Plaintiff and to the CRA's.

**Count Two – Violation of 15 U.S.C. § 1681n (TSI)**

36. TSI is a person as that term is defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of information to consumer reporting agencies as contemplated by the FCRA, 15 U.S.C. § 1681s-2.

37. 15 U.S.C. § 1681s-2(a)(1)(A) prohibited TSI from reporting information that it had reasonable cause to know was inaccurate to CRAs.

38. TSI violated 15 U.S.C. § 1681s-2(a)(1)(A).

39. 15 U.S.C. § 1681s-2(a)(1)(B) prohibited TSI from furnishing information to the CRAs after being notified by Plaintiffs that information on their reports was inaccurate when it was in fact inaccurate.

40. TSI violated 15 U.S.C. § 1681s-2(a)(1)(B).

41. 15 U.S.C. § 1681s-2(a)(2) creates a duty for TSI to correct and update information that it has furnished to CRAs and it has learned that information reported was inaccurate or incomplete.

42. Pursuant to 15 U.S.C. § 1681s-2(b), upon notification from CRAs that the information on the Plaintiffs' consumer report was disputed by them as inaccurate, TSI had a duty to conduct an investigation with respect to the disputed information and review all relevant information provided by the CRAs.

43. TSI violated 15 U.S.C. § 1681s-2(b), for which a private right of action exists by its negligence in failing to investigate the disputed information.

44. TSI is liable to Plaintiff for her damages and a reasonable attorney's fee pursuant to 15 U.S.C. § 1681o.

45. TSI's failure to investigate the disputed information following the provision of the explanation of benefits was willful, and it is also liable to Plaintiff for punitive damages and statutory damages pursuant to 15 U.S.C. § 1681n.

**Count Four – Violation of Connecticut Creditor's Collection Practices Act (NEMS)**

46. NEMS violated the CCPA by failing to conduct an investigation into Plaintiff's dispute.

47. NEMS further violated the CCPA by misrepresenting the character, amount or legal status of the debt in violation of Conn. Agencies Reg. § 36a-647-6(2)(A) when it represented that the debt was valid when it had been paid by Anthem.

48. For NEMS' violations of the CCPA, Plaintiff is entitled to damages, statutory damages, attorney's fees and costs pursuant to Conn. Gen. Stat. § 36a-648..

**Count Five – Violation of the Connecticut Unfair Trade Practices Act (NEMS)**

49. NEMS conduct, as aforedescribed, was unfair and in violation of CUTPA.

50. As a result of the aforedescribed conduct by NEMS, Plaintiff has suffered an ascertainable loss.

51. For NEMS's violations of CUTPA, Plaintiff is entitled to damages, punitive damages, attorney's fees and costs.

Wherefore, Plaintiff claims actual damages, statutory damages of $1,000 under CCPA, statutory damages of $1,000 under FDCPA, statutory damages of up to $1,000 under the FCRA, statutory punitive damages under CUTPA, attorney's fees and costs, and an order that TSI request the deletion of the trade line with all Consumer Reporting Agencies presently reporting the debt.

PLAINTIFF DEMANDS A TRIAL BY JURY.

PLAINTIFF, KATHLEEN CARON

By: /s/ *Daniel S. Blinn*
    Daniel S. Blinn (ct02188)
    dblinn@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax (860) 571-7457